UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY WESLEY CLAY,

    Petitioner,                         Case No. 2:17-CV-11522
                                              HONORABLE GEORGE CARAM STEEH
v.                                    UNITED STATES DISTRICT JUDGE

RANDALL HAAS,

    Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Jeremy Wesley Clay, ("petitioner"), confined at the Macomb Correctional Facility in New Haven, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for several counts of first-degree criminal sexual conduct. For the reasons stated below, the application for a writ of habeas corpus is SUMMARILY DISMISSED WITHOUT PREJUDICE.

## I. FACTUAL BACKGROUND

Petitioner was convicted after a jury trial in the Shiawassee County

Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Clay*, No. 314681, 2014 WL 2880301 (Mich. Ct. App. June 24, 2014); *lv. Den*. 497 Mich. 905 (2014).

Petitioner filed a state petition for writ of habeas corpus pursuant to M.C.R. 3.303(A)(2), which was denied. *Clay v. Washington,* No. 16-H-31714-AH (Ionia Cty. Cir. Ct. Jan. 20, 2016). Petitioner then filed a complaint for writ of habeas corpus with the Michigan Court of Appeals, which was denied. *Clay v. Department of Corrections/Director,* No. 332573 (Mich.Ct.App. July 21, 2016); *reconsideration den.* No. 332573 (Mich.Ct.App. Aug. 25, 2016). Petitioner's application for leave to appeal to the Michigan Supreme Court was rejected as untimely. See Letter from Inger Z. Meyer, Deputy Clerk of the Michigan Supreme Court, attached to the petition for writ of habeas corpus.

Petitioner seeks a writ of habeas corpus on the following ground:

Should the state courts allow a criminal conviction to stand, where the trial court erred in allowing (knowingly permitting) one juror to answer for another juror during the polling of the jury, in order to secure a conviction that would have otherwise ended in mistrial.

## II. DISCUSSION

The instant petition is subject to dismissal because petitioner's claim

was not properly exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Federal district courts must dismiss habeas petitions which contain unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Petitioner indicates that he raised his jury polling claim in his state petition for writ of habeas corpus. This is insufficient to satisfy the exhaustion requirement. Mich. Comp. Laws § 600.4310(3) states that an action for writ of habeas corpus may not be brought by or on behalf of persons convicted, or in execution, upon legal process, civil or criminal. This statutory prohibition is consistent with the rule under Michigan law that habeas corpus cannot serve as a substitute for an appeal and cannot be used to review the merits of a criminal conviction. *Cross v. Department of Corrections,* 103 Mich. App. 409, 414-415; 303 N. W. 2d 218 (1981)(*citing People v. Price,* 23 Mich. App. 663, 669; 179 N.W. 2d 177 (1970)). A writ of habeas corpus in Michigan deals only with radical

defects which render a judgment or proceeding absolutely void. *Triplett v. Deputy Warden,* 142 Mich. App. 774, 780; 371 N. W. 2d 862 (1985)(*citing to In Re Stone,* 295 Mich. 207; 294 N.W. 156 (1940)). A judgment which is merely erroneous, rather than void, is subject to [appellate] review and may not be collaterally attacked in a habeas proceeding. *Id.* This policy of limiting habeas proceedings in Michigan is "premised on the concern that such an action may be abused and substituted for normal appellate proceedings." *Walls v. Director of Institutional Services Maxie Boy's Training School,* 84 Mich. App. 355, 357; 269 N. W. 2d 599 (1978). This line of cases is also consistent with M.C.R. 6.501, which states that unless otherwise specified, a judgment of conviction and sentence entered by the circuit or Recorder's court that is not subject to appellate review under subchapters 7.200 or 7.300 may be reviewed only in accordance with the provisions of this subchapter, i.e., by the filing of a post-conviction motion for relief from judgment. The 1989 Staff Comment to M.C.R. 6.501 states that subchapter 6.500 "provides the *exclusive* means to challenge a conviction in Michigan courts for a defendant who has had an appeal by right or by leave, who has unsuccessfully sought leave to appeal, or who is unable to file an application for leave to appeal to the Court of Appeals" because the time period for filing such an appeal has elapsed. (emphasis added). Because Mich. Comp. Laws § 600.4310(3) does not permit the use of a state habeas action to challenge the legality of a conviction, petitioner did not satisfy the exhaustion requirement by

challenging his conviction in such an action. *See Nabors v. Warden, U.S. Penitentiary at Lewisburg, Pa.,* 848 F.2d 192 (Table), 1988 WL 50635, * 1 (6th Cir. May 23, 1988); *See also McPharlin v. Woods*, No. 2008 WL 4534234, * 1 (E.D. Mich. Oct. 6, 2008).

Petitioner can thus properly exhaust his claim by filing a post-conviction motion for relief from judgment with the Shiawassee County Circuit Court under Michigan Court Rule 6.500, *et. seq. See Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Petitioner has failed to exhaust his state court remedies and may still have an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 544 U.S. 269 (2005), in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because petitioner's sole claim is unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claim in state court. *See Raspberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006)(declining to extend the stay and abeyance procedure enunciated in *Rhines* when the habeas

petition contains only unexhausted claims); *See also Meyer v. Warren,* 2006 WL 2644991, * 3 (E.D. Mich. Sept. 14, 2006).

### III.  Conclusion

The Court will summarily dismiss the petition for writ of habeas corpus without prejudice.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.  In such a circumstance, no

appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that petitioner had failed to exhaust an available state court remedy with respect to his conviction. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated: May 25, 2017

                                           s/George Caram Steeh
                                           GEORGE CARAM STEEH
                                           UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 25, 2017, by electronic and/or ordinary mail and also on Jeremy W. Clay #861817, Macomb Correctional Facility, 34625 26 Mile Road, New Haven, MI 48048.

s/Barbara Radke
Deputy Clerk